**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Marshall CARMICHAEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1998.

Filed March 3, 1998.

---

Mark S. Greenberg, Philadelphia, for appellant.

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for the Com., appellee.

Before JOHNSON, JOYCE and MONTEMURO,* JJ.

JOHNSON, Judge:

Marshall Carmichael appeals from the judgment of sentence imposed following his conviction on four counts of aggravated assault, two counts of violating the Uniform Firearms Act (VUFA), and one count each of conspiracy, possession of an instrument of crime (PIC), and recklessly endangering another person (REAP). He asks us to determine whether it was proper for the sentencing court to impose a sentence in which each of his aggravated assault convictions were subject to a deadly weapon enhancement, even though those convictions arose out of the same shooting incident. Because we conclude that the sentencing court erred in applying the deadly weapon enhancement to all four of Carmichael's aggravated assault convictions, we vacate his sentence and remand for resentencing.

On April 11, 1996, Carmichael and an accomplice walked into a West Philadelphia speak-easy (an unlicensed bar) in search of individuals who had been selling drugs and cutting into Carmichael's drug-dealing business. After learning that one of the persons they had been seeking had escaped out the back door of the building, Carmichael and his accomplice pulled out handguns and began firing across the room, narrowly missing two

* Retired Justice assigned to Superior Court.

of the speak-easy's patrons and seriously wounding two others.

Subsequently, Carmichael was arrested and charged with aggravated assault, VUFA, conspiracy, PIC, and REAP. A jury found Carmichael guilty of all the charges. On April 1, 1997, the sentencing court sentenced Carmichael to serve four consecutive terms of seven to twenty years' imprisonment on each of the aggravated assault convictions; in arriving at this sentence, the court applied a deadly weapon enhancement to each aggravated assault conviction. A concurrent term of four to ten years' incarceration was also imposed on the conspiracy charges; however, no penalty was imposed for the VUFA, PIC or REAP convictions. Carmichael filed a post-sentence motion contesting the validity of his sentence, but the trial court rejected his claims. Carmichael now appeals and contends that: (1) the trial court erred in applying the deadly weapon enhancement to each of his four aggravated assault convictions; and (2) even if the deadly weapon enhancement did apply to all four offenses, the trial court erred in calculating the sentencing guideline range for two of his aggravated assault convictions.

■■■ We will not disturb the determination of a sentencing judge absent a manifest abuse of discretion; in essence, the "sentence must exceed the statutory limits or be manifestly excessive." *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928, 929 (1990). Moreover, in challenging the discretionary aspects of a sentence, the appellant must include in his or her appellate brief a concise statement demonstrating the existence of a substantial question as to the appropriateness of the sentence under the sentencing code. Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Although the determination of whether a substantial question exists must be handled on a case-by-case basis, this Court generally will review the discretionary aspects of sentencing where an appellant advances a colorable argument that the sentencing court's actions "were either inconsistent with or contrary to the fundamental norms which underlie the sentencing process." *Commonwealth*

*v. Urrutia*, 439 Pa.Super. 227, 653 A.2d 706, 710 (1995).

Instantly, we find that Carmichael's allegations raise a substantial question under our sentencing code. *See Commonwealth v. Morgan*, 425 Pa.Super. 344, 625 A.2d 80 (1993)(noting that allegations that the sentencing court erred in calculating sentence and in applying the deadly weapon enhancement raise a substantial question under the sentencing code); *Commonwealth v. Reading*, 412 Pa.Super. 239, 603 A.2d 197 (1992)(same on enhancement issue). Thus, we proceed to address his arguments on appeal.

■■■ Carmichael first argues that the trial court erred in applying the deadly weapon enhancement to each of his four aggravated assault convictions. At the time of Carmichael's offense and sentencing, the sentencing code provided that: "[w]here there are sentences for crimes arising from the same transaction, the deadly weapon enhancement shall be applied only once and to the conviction offense which has the highest gravity score." 204 Pa.Code § 303.9(a)(5)(this provision, though still applicable to Carmichael's sentence, has since been amended at § 303.10(a)(4), effective June 13, 1997, to permit the enhancement to apply to multiple offenses occurring at the same transaction). The sentencing court interpreted this provision to mean that the enhancement applied to the highest gravity score for each victim, not merely the highest gravity score for all victims. Opinion, July 18, 1997, at 5. Therefore, because there were four victims, the court imposed the enhancement four times. Carmichael, however, insists that the sentencing court had the authority to impose the deadly weapon enhancement only once. He contends that the enhancement should not be imposed separately for each victim because the shootings at the speak-easy constituted but one transaction.

After reviewing the applicable law, we agree with Carmichael. While there are no cases defining the term "transaction" in the deadly weapon enhancement context, elsewhere in the sentencing code, the term "transaction" is defined as:

a crime or crimes which were committed by an offender at a single time or in temporally continuous actions that are part of the same episode, event, or incident, or which are conspiracy and the object offense.

204 Pa.Code § 303.7(d)(dealing with calculating the prior record score for convictions arising out of the same transaction). *See also Commonwealth v. Lawson*, 437 Pa.Super. 521, 650 A.2d 876, 881 (1994)(in determining whether sentences should be consecutive, a single transaction includes a crime or crimes that are part of the same episode, event or incident); *Commonwealth v. Taylor*, 362 Pa.Super. 408, 524 A.2d 942, 950 (1987)(noting that for sentencing purposes, defendant's convictions comprised one criminal transaction because of their "close temporal and logical relationship"). Thus, because the aggravated assaults in question were committed "in a temporally continuous action," when Carmichael fired his weapon across the barroom, they must be considered part of the same transaction. 204 Pa.Code § 303.7(d).

Additionally, the comment to § 303.9(a)(5) of the sentencing guidelines states that:

> The deadly weapon enhancement may not be added more than once to crimes arising from the same transaction regardless of the number of persons victimized in that transaction.

PA.C.SENT. FOURTH, at 106 (August 12, 1994). Therefore, despite the existence of multiple victims in the instant case, in applying the deadly weapon enhancement, we must consider only the fact that the injuries were inflicted in close temporal proximity. Because the shooting must be considered but one transaction, the deadly weapon enhancement could be applied only once. Accordingly, the sentencing court erred in applying the enhancement to each of Carmichael's aggravated assault convictions, and we are constrained to remand this matter for resentencing. *Commonwealth v. Jones*, 433 Pa.Super. 266, 640 A.2d 914, 919 (1994) (explaining that the deadly weapon enhancement provides the starting point from which to calculate a sentence and its misapplication requires us to vacate the sentence and remand for resen-

tencing); *Commonwealth v. Scullin*, 414 Pa.Super. 442, 607 A.2d 750, 754 (1992)(same).

■ Additionally, we note that on remand, the sentencing court is free to impose an entirely different sentence and to balance the desire to protect the public, the gravity of the offense, and the interest in rehabilitating the defendant anew. *Jones, supra*, 640 A.2d at 917. Because Carmichael's second argument on appeal deals with the proper calculation of his sentence, however, we address this issue in an attempt to guide the sentencing court on remand. Carmichael contends that the sentencing court improperly calculated the sentence for his two aggravated assault convictions that did not result in bodily injury. Carmichael maintains that in light of the fact that the offense gravity score for these offenses was nine and his prior record score was four, the aggravated sentencing range, even with the deadly weapon enhancement, set a maximum minimum sentence of sixty-six months for each conviction. A review of the sentencing guidelines reveals that Carmichael is correct.

The sentencing court, however, imposed an eighty-four month minimum sentence for each of his four aggravated assault convictions. The court did not distinguish between the assaults that resulted in bodily injury, in which an eighty-four month minimum would have been in the standard range and therefore appropriate, and those that did not. Consequently, Carmichael's sentence for his convictions for aggravated assault that did not result in bodily injury exceeded the limits of the sentencing guidelines.

■ Admittedly, the sentencing court may deviate from the guidelines after placing its reasons for doing so on the record. *Commonwealth v. Campion*, 449 Pa.Super. 9, 672 A.2d 1328, 1334, *appeal denied*, 545 Pa. 668, 681 A.2d 1340 (1996). Here, however, despite expressing concerns about the terrible nature of the crime, the sentencing court appeared to be under the impression that Carmichael was sentenced *within* the guidelines for all four of his aggravated assault convictions. Opinion, *supra*, at 1161. In light of this misconception, we cannot say that the trial court properly acknowledged

that it was sentencing outside the guidelines or explained its reasons for the deviation. In order to avoid problems on remand, we suggest that the sentencing court (1) apply the deadly weapon enhancement only once, to the offense with the highest gravity score, and (2) in calculating his sentence, distinguish between Carmichael's convictions for aggravated assault resulting in bodily and those that did not. If the court should choose to impose a sentence that exceeds the boundaries suggested by the guidelines, we only suggest that the court formally place its reasons for doing so on the record. *Campion, supra.*

Accordingly, Carmichael's sentence is **VACATED**, and this case is **REMANDED** for further proceedings consistent with this Opinion. Jurisdiction **RELINQUISHED**.