COMMONWEALTH OF
PENNSYLVANIA,
Appellee,

v.

Marshall CARMICHAEL, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 12, 2002.

Filed Feb. 20, 2003.

MaryAnn F. Swift, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BOWES, GRACI, and OLSZEWSKI, JJ.

OPINION BY GRACI, J.:

¶ 1 Appellant, Marshall Carmichael ("Carmichael"), appeals from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County on July 16, 1998. For the reasons set forth herein, Carmichael's claim is dismissed without prejudice and the judgment of sentence is affirmed.

## I. FACTUAL AND PROCEDURAL HISTORY

¶ 2 The events underlying Carmichael's arrest and conviction were aptly summarized as follows by a panel of this Court in Carmichael's first direct appeal:

On April 11, 1996, Carmichael and an accomplice walked into a West Philadelphia speak-easy (an unlicensed bar) in search of individuals who had been selling drugs and cutting into Carmichael's drug-dealing business. After learning that one of the persons they had been seeking had escaped out the back door of the building, Carmichael and his accomplice pulled out handguns and began firing across the room, narrowly missing two of the speak-easy's patrons and seriously wounding two others.

Subsequently, Carmichael was arrested and charged with aggravated assault,

VUFA [violation of the Uniform Firearms Act], conspiracy, PIC [possession of an instrument of crime], and REAP [recklessly endangering another person]. A jury found Carmichael guilty of all the charges. On April 1, 1997, the sentencing court sentenced Carmichael to serve four consecutive terms of seven to twenty years' imprisonment on each of the aggravated assault convictions; in arriving at this sentence, the court applied a deadly weapon enhancement to each aggravated assault conviction. A concurrent term of four to ten years' incarceration was also imposed on the conspiracy charges; however, no penalty was imposed for the VUFA, PIC or REAP convictions.

*Commonwealth v. Carmichael,* 707 A.2d 1159, 1160–1161 (Pa.Super.1998). This Court vacated Carmichael's sentence and remanded for resentencing after finding that the sentencing court misapplied the deadly weapon enhancement. *Id.* Carmichael was represented by Mark Greenberg, Esq. at trial and on appeal.

¶ 3 On remand, the sentencing court resentenced Carmichael to a term of imprisonment of 26 to 80 years. In November 1998, Carmichael filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546 ("PCRA"). Appointed counsel, David S. Winston, Esq., filed an amended PCRA petition on Carmichael's behalf. The PCRA court granted Carmichael's petition on April 5, 1999, and reinstated his right to file a direct appeal, *nunc pro tunc.*

¶ 4 Attorney Winston next filed a petition to withdraw and a brief pursuant to *Anders v. State of California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). This Court determined that the brief failed to comply with the requirements of Anders/*McClendon,* denied the petition to withdraw, and ordered Winston to file either an advocate's brief or a proper *Anders* brief. Order Denying Application To Withdraw As Counsel, 7/12/99. Attorney Winston's subsequent advocate's brief was determined to be inadequate and this Court remanded the matter for appointment of new counsel. *Commonwealth v. Carmichael,* No. 1104 Eastern District 1999, unpublished memorandum at 4, 750 A.2d 365 (Pa.Super. filed December 27, 1999). Carmichael's newly appointed attorney, J. Michael Farrell, Esq., failed to file a brief on Carmichael's behalf and this Court dismissed the appeal without prejudice to Carmichael's rights under the PCRA. *Id.,* per curiam order (Pa.Super. filed November 13, 2000).

¶ 5 On July 31, 2001, Carmichael filed a second PCRA petition. Current counsel, MaryAnn F. Swift, Esq., was appointed to represent him on January 25, 2002. According to the certified docket entries, on April 18, 2002, Carmichael's "appellate rights [were] reinstated by agreement of the Commonwealth. [Carmichael] to file notice of appeal within 30 days." Carmichael filed a timely notice of appeal and now raises one issue for our consideration:

> Where the [trial] court had granted the Commonwealth's motion in limine to allow evidence of [Carmichael]'s prior drug dealing for purposes of motive only, was trial counsel ineffective for refusing a cautionary instruction to the jury regarding the limited use of said testimony?

Brief for Appellant, at 1.

## II. DISCUSSION

¶ 6 The instant matter is effectively a direct appeal, *nunc pro tunc,* from Carmichael's judgment of sentence. Therefore, we are guided by our Supreme Court's recent holding in *Commonwealth*

*v. Grant,* 813 A.2d 726, 2002 WL 31898393, *8 (Pa.2002), that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review."[1] As was the case in *Grant,* Carmichael has not invoked any of the limited exceptions to this general rule by "rais[ing] an allegation that there has been a complete or constructive denial of counsel or that counsel has breached his or her duty of loyalty." *Id.* at *8, fn. 14. Accordingly, Carmichael's ineffective assistance claim must be dismissed without prejudice.

### III. CONCLUSION

¶ 7 Carmichael's claim regarding ineffective assistance of counsel is dismissed without prejudice to his right to seek further relief under the PCRA. The PCRA court will be in the best position to ensure that Carmichael receives an evidentiary hearing on his claim, if necessary. *Id.* at *10.

¶ 8 Judgment of sentence affirmed.

¶ 9 BOWES, J., joins in part and files a Concurring Statement.

BOWES, J., Concurring.

¶ 1 I join in the majority's decision to dismiss Appellant's claim of trial counsel's ineffectiveness until collateral review. I write separately to make an additional observation. In this case, the record indicates counsel had a reasonable basis for declining a cautionary instruction and was not therefore, ineffective. However, in light of the Supreme Court's recent pronouncement in *Commonwealth v. Grant,* —— Pa. ——, 813 A.2d 726 (2002), I agree that these claims should be dismissed with-

out prejudice for Appellant to raise them in a PCRA petition.

---

1. Our Supreme Court further provided that this new rule shall apply retroactively to "those cases currently pending on direct appeal where the issues of ineffectiveness have been properly raised and preserved." *Grant,* 813 A.2d 726, 739.