J-S49024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSUE BREBAN, | |
| Appellant | No. 239 MDA 2015 |

Appeal from the Judgment of Sentence entered December 18, 2014,
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0002014-2014
and CP-22-CR-0004812-2014

BEFORE:  BENDER, P.J.E., ALLEN, and OLSON, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED AUGUST 20, 2015**

Josue Breban ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to one count of burglary and one count of retail theft.[1]

The pertinent facts and procedural history are as follows:

**Docket No. 2014 CR 2014**:  On March 17, 2014, Appellant and two co-conspirators entered a house located at 2312 Brookwood Street in Harrisburg, and took numerous items including a 9 mm pistol, jewelry, passports, birth certificates, a safe, a checkbook and a bankcard.  N.T., 10/7/14, at 4.  A subsequent police investigation yielded fingerprints which were run through the Pennsylvania Automated Fingerprint Identification

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2) and 3929(a).

System and found to match Appellant's. Affidavit of Probable Cause, 3/27/14. Appellant was subsequently arrested, and on October 7, 2014, he entered an open plea of guilty to burglary.

**Docket No. 4812-2014**: On June 30, 2014, Appellant and Kelly Bauman entered Giant Foods, and acting jointly, stole $166.69 worth of meat, poultry, and seafood. N.T., 12/18/14, at 3. Appellant was subsequently arrested and charged with retail theft. On December 18, 2014, Appellant entered an open plea of guilty to retail theft.

That same day, on December 18, 2014, a sentencing hearing commenced at both docket numbers. The trial court sentenced Appellant to a term of imprisonment of 2½ to 5 years for burglary, and a consecutive 2 years of state supervision for retail theft. Appellant filed a post-sentence motion on December 23, 2014, which the trial court denied on January 5, 2015. This appeal followed.

On February 5, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied and on March 2, 2015, the trial court filed a memorandum opinion in which it stated that its January 5, 2015 order adequately addressed the allegations of error raised by Appellant.

On appeal, Appellant presents one issue for our review:

I. Whether the trial court erred in denying Appellant's Post-Sentence Motion for Modification of Sentence where Appellant's sentence was excessive and unreasonable in light of the alleged gravity of the offense, the protection of the public, and Appellant's rehabilitative needs and where the

punitive measures inherent in the sentencing scheme could have been accomplished by the imposition of a lesser sentence?

Appellant's Brief at 5.

Appellant's sole issue on appeal is that the trial court abused its sentencing discretion when it imposed a sentence of 2½ to 5 years for burglary.

To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Appellant has preserved his claim by filing a timely post-sentence motion and notice of appeal. Additionally Appellant has included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 9-12. Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that the trial court abused its discretion when it imposed a sentence that "was excessive and unreasonable and constitutes too severe a punishment", *id*. at 9, 15, and which was beyond the aggravated range of the sentencing guidelines, and in so doing, the trial court failed to give proper consideration to the appropriate sentencing factors and failed to state on the record the reasons for the sentence. *Id*.

at 9-17. Such claims raise a substantial question for our review. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) *quoting Commonwealth v. Dodge*, 77 A.3d 1263, 1272, n.8 (Pa. Super. 2013) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question, whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected."); *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 2001) ("A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the code or is contrary to the fundamental norms which underlie the sentencing process. A claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a 'substantial question' for our review."); *Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (a substantial question is raised where an appellant alleges that the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances). We therefore proceed to review Appellant's claim.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Garcia-Rivera*, 983 A.2d 777, 780 (Pa. Super. 2009).

More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.
>
> ***
>
> The ... weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-876 (Pa. Super. 2012) (citations omitted).

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). *Id.* at 876 .

"[T]he term 'unreasonable' generally means a decision that is either irrational or not guided by sound judgment. [A] sentence can be defined as unreasonable either upon review of the four elements contained in § 9781(d) or if the sentencing court failed to take into account the factors outlined in 42 Pa.C.S.A. § 9721(b)." *Commonwealth v. Daniel*, 30 A.3d

- 5 -

494, 497 (Pa. Super. 2011), *quoting* **Commonwealth v. Walls**, 926 A.2d 957 (Pa. 2007). However, "rejection of a sentencing court's imposition of sentence on unreasonableness grounds [should] occur infrequently, whether the sentence is above or below the guidelines ranges." **Commonwealth v. Macias,** 968 A.2d 773, 777 (Pa. Super. 2009) *quoting* **Walls**, 926 A.2d at 964.

Pursuant to 42 Pa.C.S.A. § 9871, an appellate court must have regard for the following statutory factors in our review of the certified record: (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation, (3) the findings upon which the sentence was based, and (4) the guidelines promulgated by the commission. 42 Pa.C.S.A. § 9871(d)(1)-(4).

"In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. 42 Pa.C.S.A. § 9721(b). However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence ... in open court." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa. Super. 2014).

> [Section 9721(b)] requires a trial judge who intends to sentence
> a defendant outside the guidelines to demonstrate on the

record, as a proper starting point, his awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled [him] to deviate from the guideline range.

*\*\**

The court's statement of reasons for deviating from the guidelines serves not only as a record of the court's rationale for the deviation but also as evidence that the court considered the guidelines. We cannot analyze whether there are adequate reasons for the deviation unless it is first apparent that the court was aware of, and considered the guidelines.

***Commonwealth v. Johnson***, 666 A.2d 690, 693 (Pa. Super. 1995) (citations omitted).

Here, for Appellant, who had a prior record score of 3, the guidelines recommended for burglary a standard range of sentence of 15 to 21 months, an aggravated range sentence of up to 27 months, and a mitigated range sentence of not less than 9 months. N.T., 8/2/12, at 11. Appellant's sentence of 2½ to 5 years (30 to 60 months) fell outside the aggravated range of the guidelines.

At the sentencing hearing, the trial court heard from the Assistant District Attorney, who noted that Appellant was 62 years old and "is regarded as a vulnerable older person", and recommended a standard range sentence. N.T., 12/18/14, at 5-6. The trial court then heard from Appellant's counsel, Appellant's mental health coordinator, Michael Keefer,

and Appellant's girlfriend, Kelly Bauman. N.T., 12/18/14, at 5-15. The trial court – without providing any reasons on the record for its sentence – then imposed a sentence for burglary of 2½ to 5 years, which is above the aggravated range of the guidelines. *Id*. at 16-17.

"The general principle underlying the imposition of a sentence calls for the balancing of public protection, the gravity of the offense and, particularly, the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b); The only constraints placed on the court's discretion in sentencing matters are that the sentence imposed must be within the statutory limits; the record must show that the court considered the sentencing guidelines in light of the above balancing standard; and, if the court deviates from the sentencing guidelines, the record must demonstrate a contemporaneous statement of reasons for the departure." *Commonwealth v. Jones*, 272, 640 A.2d 914, 917 (Pa. Super. 1994) (citations omitted).

The trial court is not bound by the Commonwealth's sentencing recommendations, as sentencing is a matter vested in the sound discretion of the sentencing judge. *Garcia-Rivera*, 983 A.2d at 780. However, while sentencing judges have broad discretion, they do not have "unfettered or unchecked discretion." *Commonwealth v. Monahan*, 860 A.2d 180, 182 (Pa. Super. 2004) (citations omitted). Therefore, when a sentence exceeds the aggravated range of the guidelines and there is an allegation of excessiveness, this Court must review the record to determine whether there was an abuse of discretion. *Id*.

Upon review, we agree with Appellant that the reasons for the trial court's upward deviation were not clearly stated on the record as required by section 9721(b) of the Sentencing Code. The record is devoid of any statement by the trial court on the record, or contemporaneous written statement containing the reasons for its departure from the guidelines. Although the trial court in its order denying Appellant's post-sentence motion did set forth various reasons for its sentence, our Court has regularly "rejected the argument that the failure to state reasons at the time of sentencing can be remedied by stating them in a later opinion." *Commonwealth v. Harris*, 457 A.2d 572, 574 (Pa. Super. 1983).

Based on the foregoing, we conclude that the trial court in imposing its sentence failed to demonstrate that it had adequately considered the relevant sentencing factors, and failed to state the "factual basis and specific reasons" which compelled the upward departure from the guidelines. *Johnson, supra.* Although the trial court referenced the pre-sentence investigation report, the trial court did not state that it considered it in deviating from the guidelines, or how Appellant's circumstances were so atypical as to warrant imposition of a sentence in excess of the guidelines. Also, while the trial court was informed that Appellant had a prior record, the trial court did not set forth on the record an indication that it was cognizant of that prior record or the relevant guideline ranges, or indicate that it was aware of and considered the sentencing guidelines before electing to depart from them. Nor does the record reflect that, at

the sentencing hearing, the trial court took into account the relevant sentencing factors enumerated in § 9721(b) -- including the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and Appellant's rehabilitative needs. Accordingly, we are constrained to vacate the judgment of sentence and remand for re-sentencing.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2015