640 A.2d 914

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Douglas JONES, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1993.

Filed April 15, 1994.

268

Peter J. Gardner, Asst. Dist. Atty., Philadelphia, for Com., appellant.

Isla A. Fruchter, Philadelphia, for appellee.

Before ROWLEY, President Judge, McEWEN and KELLY, JJ.

KELLY, Judge.

The Commonwealth of Pennsylvania asks this Court to vacate appellee's judgment of sentence and remand for resentencing by a different judge. On March 4, 1993, following remand from the Superior Court for resentencing, the Honorable Lisa A. Richette resentenced appellee, Douglas Jones, to the same term of eighteen to sixty months incarceration for voluntary manslaughter,[1] with a concurrent term of six to twelve months for possession of an instrument of crime.[2] We affirm judgment of sentence.

We set forth the relevant facts and procedural history accordingly. This case involves a fratricide. In March, 1991, appellee stabbed his half-brother, Edward Shelton, with a kitchen knife, at home, during the course of a heated argument. A jury acquitted appellee of murder but found him guilty of voluntary manslaughter and possession of an instrument of crime.

On February 4, 1992, Judge Richette, who had presided at appellee's trial, conducted a sentencing hearing. The court listened to the special circumstances of the case, including the aggressive nature and provocative behavior of the victim, the undeniably profound remorse of appellee, the pleas for mercy from the mother of both appellee and victim, as well as all factors attendant to the sentencing process, such as the presentence report and the prosecution's request for the deadly weapon enhancement. At the close of this first sentencing hearing, the court sentenced appellee to a term of incarceration of eighteen to sixty months, with a concurrent sentence of six to twelve months for possession of an instrument of crime.

The Commonwealth appealed the judgment of sentence, arguing that the trial court erred by failing to apply the deadly weapon enhancement to the sentencing guidelines for

1. 18 Pa.C.S.A. § 2503(a)(1).
2. 18 Pa.C.S.A. § 907.

voluntary manslaughter, and failing to go on record stating why the court was departing from the guidelines. This Court agreed, vacated the judgment of sentence, and remanded for resentencing, stating that the *enhanced* mitigated range of thirty to forty-eight months applied in this case; therefore, the trial court was required to set forth its reasons on record for deviating from the guidelines. *See Commonwealth v. Jones*, 427 Pa.Super. 643, 625 A.2d 90 (1992).

On remand, the trial court reimposed the same sentence. This time the trial court acknowledged the existence of the deadly weapon enhancement, the resulting increased sentencing ranges and gave its reasons for reimposing the same sentence of eighteen to sixty months for the voluntary manslaughter conviction. During this second sentencing hearing, the prosecution again insisted on the mandatory nature of the deadly weapon enhancement. The trial court maintained that the actual sentence was still within its discretion, despite the enhancement. The prosecution announced its intention to appeal the second judgment of sentence. Hence, this timely appeal followed.

The Commonwealth raises these challenges to appellee's judgment of sentence on remand:

1. DID THE SENTENCING COURT ERR IN REFUSING TO APPLY THE DEADLY WEAPON ENHANCEMENT PROVISION OF THE SENTENCING GUIDELINES TO DEFENDANT'S VOLUNTARY MANSLAUGHTER CONVICTION WHERE DEFENDANT KILLED HIS BROTHER BY STABBING HIM IN THE CHEST?

2. DID THE SENTENCING COURT ERR IN FAILING TO ARTICULATE REASONS FOR ITS DEVIATION FROM THE GUIDELINES?

3. CAN A SENTENCING COURT INSULATE A PATENTLY ERRONEOUS REFUSAL TO APPLY THE DEADLY WEAPON ENHANCEMENT FROM APPELLATE REVIEW BY CLAIMING IN ITS OPINION THAT, AT THE SAME TIME IT WAS INSIST-

ING IN OPEN COURT THAT IT REJECTED THE ENHANCEMENT, IT WAS SECRETLY APPLYING THE ENHANCEMENT ON A GUIDELINE SENTENCE FORM?

4. SHOULD A CASE BE REMANDED TO A DIFFERENT JUDGE FOR RESENTENCING WHEN THE LOWER COURT HAS MADE CLEAR THAT, BECAUSE OF ITS PERSONAL DISAGREEMENT WITH THE DEADLY WEAPON ENHANCEMENT, IT WILL REFUSE TO IMPARTIALLY APPLY THE ENHANCEMENT?

Commonwealth's Brief at 2.

 The sentencing function is a matter vested in the trial court's sound discretion which remains undisturbed on appeal in the absence of an abuse of that discretion. *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992) (*en banc*), *appeal denied*, 535 Pa. 576, 629 A.2d 1377 (1993). On review, we accord the sentencing court great weight "as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime." *Id.*, 418 Pa.Super. at 101, 613 A.2d at 591. Where the statute under which a conviction lies carries no specified penalty,[3] the Court must consider and select one

---

**3.** We distinguish the sentencing guidelines' deadly weapon enhancement provision from those mandatory minimum sentencing provisions set forth in 42 Pa.C.S.A. § 9712 *et seq.*, which the court must impose, if applicable, when the prosecution invokes the particular statutory enhancement provision. For example, when a person visibly possesses a firearm during the commission of an enumerated offense, 42 Pa.C.S.A. § 9712(a) mandates a minimum five-year sentence of total confinement; where a person commits an enumerated offense in or near public transportation, 42 Pa.C.S.A. § 9712(a) mandates a minimum five-year sentence of total confinement; where a person is a violent crime repeat offender, 42 Pa.C.S.A. § 9714(a) mandates a minimum five-year sentence of total confinement; 42 Pa.C.S.A. § 9715(a) mandates life imprisonment for a third-degree murder conviction where there exists in the record a prior conviction for murder or manslaughter; 42 Pa.C.S.A. § 9717(a) provides mandatory minimum sentences where the offense has been committed against an elderly person as defined in that statute; 42 Pa.C.S.A. § 9718(a) sets forth mandatory minimum sentences for crimes against infant persons as defined therein; 42 Pa.C.S.A. § 9719(a) defines the mandatory minimum sentences for offense com-

or more of the sentencing alternatives available: probation, determination of guilty without penalty, partial or total confinement and/or fines. 42 Pa.C.S.A. § 9721(a), (a.1); *Commonwealth v. Bedleyoung*, 319 Pa.Super. 323, 331, 466 A.2d 180, 184 (1983).

The general principle underlying the imposition of a sentence calls for the balancing of public protection, the gravity of the offense and, particularly, the rehabilitative needs of the defendant. 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Ennis*, 394 Pa.Super. 1, 574 A.2d 1116 (1990); *Commonwealth v. Bedleyoung, supra.* The only constraints placed on the court's discretion in sentencing matters are that the sentence imposed must be within the statutory limits; the record must show that the court considered the sentencing guidelines in light of the above balancing standard; and, if the court deviates from the sentencing guidelines, the record must demonstrate a contemporaneous statement of reasons for the departure. *Commonwealth v. Minott*, 395 Pa.Super. 552, 577 A.2d 928 (1990); *Commonwealth v. Stalnaker*, 376 Pa.Super. 181, 545 A.2d 886 (1988). The requirement of a contemporaneous statement explaining any deviation from the sentencing guidelines is satisfied when the sentencing judge states the reasons on the record in the defendant's presence. *Commonwealth v. Munson*, 419 Pa.Super. 238, 615 A.2d 343 (1992); *Commonwealth v. Clever*, 395 Pa.Super. 192, 576 A.2d 1108 (1990). Although the sentencing guidelines do specify definite ranges of sentences, the adoption of the guidelines was not intended by the legislature to trump judicial discretion in the

mitted while impersonating a law enforcement officer. Other statutory sentencing enhancements appear in drug trafficking offenses, 18 Pa. C.S.A. § 7508, and in motor vehicle related offenses, 75 Pa.C.S.A. § 3731(e).

With regard to the mandatory minimum sentence provisions, the sentencing court cannot go below the mandatory minimum sentence set forth in the statutes. In contrast, the sentencing guidelines are not statutorily mandated minimum sentences for imposition purposes and the sentencing court retains the discretion to sentence below the minimum enhanced range, provided the court sets forth its reasons for doing so. *See Commonwealth v. Murphy*, 405 Pa.Super. 452, 592 A.2d 750 (1991); *Commonwealth v. Minott, infra.*

sentencing process. *Commonwealth v. Murphy, supra; Commonwealth v. Minott, supra.*

The Commonwealth complains that the trial court steadfastly refused to apply the deadly weapon enhancement of the sentencing guidelines to appellee's voluntary manslaughter conviction.[4] On remand from this Court, asserts the Commonwealth, the trial judge was instructed to apply the deadly weapon enhancement to the appropriate range of the sentencing guidelines. To the extent that the application of the enhanced range is mandatory, the Commonwealth is correct. The trial court, however, maintains that the imposition of a sentence within the enhanced range is not mandatory because the guidelines are not mandatory. The trial court proposes that it retains the discretion to sentence outside the enhanced range, where the circumstances compel a different sentence; and the sentence which is imposed is subject to review only as to whether that sentence is reasonable. We agree.

As an agency of the General Assembly (42 Pa.C.S.A. § 2151), the Pennsylvania Commission on Sentencing promulgated the sentencing guidelines embodied in 204 Pa.Code § 303.1 *et seq.*[5] As part of these guidelines, § 303.4 provides:

**4.** At the outset, we note, the Commonwealth's brief complies with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Under *Commonwealth v. Bowen,* 417 Pa.Super. 340, 612 A.2d 512 (1992), *appeal denied,* 533 Pa. 629, 621 A.2d 577 (1993), a sentence challenged as inappropriate under the sentencing code because the trial court allegedly refused to apply the deadly weapon enhancement raises a substantial question regarding the discretionary aspects of sentencing. *Accord Commonwealth v. Brown,* 415 Pa.Super. 534, 609 A.2d 1352 (1992); *Commonwealth v. Reading,* 412 Pa.Super. 239, 603 A.2d 197 (1992); *Commonwealth v. Batterson,* 411 Pa.Super. 252, 601 A.2d 335 (1992); *Commonwealth v. Dotzman,* 403 Pa.Super. 325, 588 A.2d 1312 (1991); *Commonwealth v. Pokorny,* 360 Pa.Super. 384, 520 A.2d 511 (1987). The determination of whether the particular issue raised constitutes a substantial question is evaluated, nevertheless, on a case by case basis. *Commonwealth v. McFarlin,* 402 Pa.Super. 502, 587 A.2d 732 (1991) (*en banc*), *affirmed,* 530 Pa. 167, 607 A.2d 730 (1992); *Commonwealth v. Minott, supra.*

**5.** *See* prefatory note to the Sentencing Guidelines set forth for the user's convenience immediately after 42 Pa.C.S.A. § 9721 (the sentencing guidelines are not enacted as part of 42 Pa.C.S.A. § 9721; courts are required to consider the guidelines when sentencing on offenses which occurred on or after April 25, 1988).

**Deadly weapon enhancement**

(a) When the court determines that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applicable.

(b) There shall be no such enhancement for the following offenses: 18 Pa.C.S. § 2702(a)(4) (relating to aggravated assault); the Pennsylvania Uniform Firearms Act, 18 Pa. C.S. §§ 6101–6120; 18 Pa.C.S. § 907 (relating to possessing instruments of crime); 18 Pa.C.S. § 908 (relating to prohibited offensive weapon); for any other offense for which possession of a deadly weapon is an element of the statutory definition; or for any offense which is lesser included to an offense for which possession of a deadly weapon is an element of the statutory definition.

(c) Where there are sentences for crimes arising from the same transaction, the deadly weapon enhancement shall be applied only to the conviction offense which has the highest offense gravity score.

204 Pa.Code § 303.4.

For purposes of this section, "deadly weapon" is defined in 18 Pa.C.S. § 2301 as: "Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury."

204 Pa.Code § 303.4(a) Description. For the purposes of the crimes code, a deadly weapon need not be an inherently lethal device; whether a device is deadly can be governed by how the device was used. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992).

 Under the sentencing guidelines, a conviction for voluntary manslaughter carries an offense gravity score of "8," *see* 204 Pa.Code § 303.8. In conjunction with a prior record

score of "0," the guidelines suggest the following sentencing ranges:

| | |
|---|---|
| Standard Range: | 24–48 months |
| Aggravated Range: | 48–60 months |
| Mitigated Range: | 18–24 months |

204 Pa.Code § 303.9. Pursuant to the deadly weapon enhancement provision, *id.* § 303.4,[6] the suggested adjusted sentencing ranges are:

| | |
|---|---|
| Standard Range: | 36–60 months |
| Aggravated Range: | 60–84 months |
| Mitigated Range: | 30–48 months |

Once a court has determined that a defendant possessed a deadly weapon, as defined in 18 Pa.C.S.A. § 2301, during the commission of a crime, the court must increase the suggested sentencing ranges by at least twelve to twenty-four months as demonstrated above. *Commonwealth v. Bowen, supra; Commonwealth v. Cornish,* 403 Pa.Super. 492, 589 A.2d 718 (1991); *Commonwealth v. Burns,* 390 Pa.Super. 426, 568 A.2d 974 (1990), *appeal denied,* 525 Pa. 616, 577 A.2d 888 (1990). The trial court lacks the discretion to refuse to apply the deadly weapon sentencing enhancement. *Commonwealth v. Bowen, supra.* The court's discretion comes into play when it is time to impose a sentence, once the court determines the adjusted

6. The legislature has required by statute that the guidelines "Specify a range of sentences of increased severity for defendants who possessed a deadly weapon during the commission of the current conviction offense." [42 Pa.C.S. § 2154(a)(2)].

 Possessing a weapon during a crime increases the fear of the victim and increases the risk of injury to victims and to law enforcement officers. Defendants who commit such crimes are more culpable than if they had not possessed a weapon. This fact is recognized by the legislature and the commission and is the reason why possession of a deadly weapon is given such great weight in computing the suggested guideline sentence ranges.

 The enhancement provides a uniform increment of 12 to 24 months regardless of the offense gravity score of the conviction offense. The commission reasoned that the lethal potential of a deadly weapon, and its impact on the victim did not depend on the offense committed (for example, a handgun in a simple assault was capable of inflicting as much fear and injury as a handgun in a robbery).

 The length of the enhancement range—12 to 24 months—was chosen to reflect the commission's view of the gravity of possessing a weapon in any crime....

 204 Pa.Code § 303.4 Commentary.

sentencing guideline range. *Id.* (quoting *Commonwealth v. Dotzman, supra,* 403 Pa.Super. at 334, 588 A.2d at 1317). Although we may affirm a sentence outside the guidelines, the sentencing court must determine the correct starting point in the guidelines before sentencing outside the guidelines. *Commonwealth v. Johnakin,* 348 Pa.Super. 432, 502 A.2d 620 (1985). However, the guidelines as a whole are not mandatory; the guidelines need only be considered and consulted. *Commonwealth v. Brown,* 415 Pa.Super. 534, 609 A.2d 1352 (1992). Thus, the sentencing judge may depart from the guidelines, once the deadly weapon enhancement is applied, so long as the court provides an adequate explanation for the departure. *Id.* Application of the deadly weapon enhancement is mandatory, therefore, only to the extent of establishing a correct point of departure for sentencing. *Commonwealth v. Pokorny, supra; Commonwealth v. Septak,* 359 Pa.Super. 375, 518 A.2d 1284 (1986). In cases where the sentencing court refuses to apply the deadly weapon enhancement, assuming it applies, and erroneously calculates the starting point under the sentencing guidelines, this Court will vacate the sentence and remand for sentence reconsideration. *Commonwealth v. Scullin,* 414 Pa.Super. 442, 607 A.2d 750 (1992).

On appeal from the first judgment of sentence, this Court vacated judgment of sentence and remanded for sentence reconsideration because the sentencing court had refused to apply the deadly weapon enhancement to the voluntary manslaughter conviction, had sentenced appellant to eighteen to sixty months incarceration for the voluntary manslaughter conviction, and had stated that the sentence fell somewhere between the mitigated and the standard sentencing ranges. In that posture, the sentencing court had clearly miscalculated the sentencing ranges applicable to the case at bar.

On remand, the sentencing court was instructed to recalculate the sentencing ranges by applying the deadly weapon enhancement under 204 Pa.Code § 303.4. If the sentencing court then decided to reimpose the same sentence as before,

the court would have to state it reasons on the record for deviating from the adjusted guidelines. *See Commonwealth v. Jones,* 427 Pa.Super. 643, 625 A.2d 90 (1992).

At the second sentencing hearing, the prosecution argued that the deadly weapon enhancement was mandatory; the court responded that the sentencing guidelines are not mandatory; defense counsel interposed that the court was required to set forth its reasons for deviating from the enhanced guidelines because, with the enhancement applied, appellee's minimum sentence is now below the guidelines. Thus, on appeal, we are presented with the peculiar circumstance wherein each position is basically correct, as far as each goes. Further careful review of the second sentencing hearing transcript reveals and expands the fundamental miscommunication among the parties in this case. Ultimately, the sentencing court considered the enhanced ranges; then the court reimposed the same sentence. Notwithstanding the sentencing court's unfortunate polemic on the purpose of the deadly weapon enhancement and the required "mantra" when deviating from the sentencing guidelines, its grasp of the discretionary aspects of sentencing as a whole is absolutely correct.

When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. *Commonwealth v. Losch,* 369 Pa.Super. 192, 535 A.2d 115 (1987). "Reimposing a judgment of sentence should not be a mechanical exercise." *Id.* at 206, 535 A.2d at 122. "Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant—especially where defense counsel comes forward with relevant evidence which was not previously available." *Id.* Thus, [appellee's] conduct since the prior sentencing hearing is relevant at resentencing. *Id.* at 208, 535 A.2d at 123. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which [appellee] received is a just and appropriate punishment. *Id.*

Instantly, the sentencing court reconsidered the factors that prompted its original judgment of sentence. The court noted appellee's profound remorse, the devastation sustained by the victim's family who are also appellee's family, the victim's and appellee's mother's pleas for mercy, the role of the victim in provoking appellee's criminal conduct, and the passionate nature of the crime. Moreover, the court, at resentencing, heard evidence demonstrating that appellee had already completed, without incident, his minimum term of eighteen months incarceration; and, since his release, appellee has complied with all of his probation/parole obligations in a timely manner and all tests have been negative for drugs and alcohol. There have been no complaints from the community. Additionally, appellee is attending school and maintains a "B" average. Finally, appellee conscientiously participates in family psychotherapy. The Commonwealth presented no contradictory evidence whatsoever.[7]

In essence, the Commonwealth was actually arguing for an increased sentence.[8] The trial court saw no just reason to

7. At the first sentencing hearing, the court stated that it saw no justification for sentencing appellee "outside the guidelines completely." (N.T. February 4, 1992 at 11). The Commonwealth has interpreted this statement to mean that the court intended to sentence appellee within the guidelines and seeks to hold the sentencing court to that interpretation. First, the court's commentary may be subjected to other interpretation. Second, and more importantly, at resentencing, the court starts afresh. *See Commonwealth v. Losch, supra.*

8. The Commonwealth notes in its statement of reasons for allowance of appeal that the sentence imposed is a full year below the enhanced mitigated range of the sentencing guidelines. However, the Commonwealth must demonstrate a "substantial question" that the sentence imposed was not appropriate before the appellate court exercises its discretion to reach such question. *Commonwealth v. Tuladziecki, supra;* Pa.R.A.P. 2116. Examination of the Commonwealth's brief clearly reveals its failure to comply with the statutory requirement under 42 Pa.C.S.A. § 9781(b). Therefore, we are precluded from assessing the merits of the issue of the reasonableness of appellee's sentence to justify *post hoc* a determination that a substantial question exists. *Commonwealth v. Tuladziecki, supra.* Failure to raise the issue of whether a particular sentence, outside the sentencing guidelines, is unreasonably lenient, waives that issue on appeal. *Commonwealth v. Tomasso,* 506 Pa. 344, 485 A.2d 395 (1984). *See also Commonwealth v. Tilghman,* 366 Pa.Super. 328, 531 A.2d 441 (1987) (*en banc*) (the Commonwealth's claim that the sentencing court applied the guidelines errone-

reincarcerate appellee. Therefore, the court imposed the same sentence. The court noted, "This sentence is a sentence with a long tail. [Appellee] is under supervision. If he does anything wrong, he will be right back in jail." (N.T. March 4, 1993 at 13). What the sentencing court rejected was the Commonwealth's insistence that, even in view of the circumstances of this case, the court must resentence appellee *within* the enhanced guideline range. Such was not the directive from this Court on remand. The sentencing court retained the discretion to resentence appellee to the same sentence. *See Commonwealth v. Minott, supra.* The reasons for the court's decision were aptly stated in the record. *See Commonwealth v. Munson, supra.* We hold, therefore, that the sentencing court observed the procedural requirements of the sentencing process, *see Commonwealth v. Losch, supra,* and did not abuse its discretion by imposing the same sentence on remand.[9] Accordingly, we affirm judgment of sentence.[10]

Judgment of sentence affirmed.

ously does not preserve claim that the particular sentence is unreasonably lenient); *Commonwealth v. Darden,* 366 Pa.Super. 597, 531 A.2d 1144 (1987) (a determination of whether a sentence is inappropriate or unreasonable must be made with reference to the sentencing code as a whole, not solely with reference to the sentencing guidelines, 42 Pa. C.S.A. § 9781(b), (c)).

9. As a practical matter, the sentence imposed on remand is more lenient than the original sentence even though the terms of the sentence remain the same. Whether the sentence is now unreasonably lenient, of course, is not a challenge raised for our consideration. Thus, we render no opinion on that matter.

10. The Commonwealth insists, however, that this Court vacate judgment of sentence and remand for resentencing with instructions to reassign the case to a different sentencing judge because the trial court sentenced pursuant to a predetermined personal policy disfavoring the deadly weapon enhancement. Due to our disposition of the matter before us, we need not reach this issue.