J-S40042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHAD E. SCHULTZ, | : | |
| | : | |
| Appellant | : | No. 398 WDA 2015 |

Appeal from the Order Entered February 11, 2015,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No.: CP-33-CR-0000213-2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 18, 2015**

Chad E. Schultz (Appellant) appeals from the order entered February 11, 2015, which granted in part and denied in part his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Upon review, we dismiss the appeal.

On January 17, 2013, following a jury trial, Appellant was convicted of possession of a controlled substance, possession of a controlled substance with intent to deliver (PWID), and criminal conspiracy to deliver a controlled substance.[1]  On February 4, 2013, he was sentenced to a mandatory term of 3 to 8 years of incarceration for the PWID conviction pursuant to 18 Pa.C.S. § 7508(a)(7)(i) and a consecutive 33 months to 8 years of incarceration for

_____

[1] These convictions arose out of Appellant's participation in a sale of heroin.

*Retired Senior Judge assigned to the Superior Court.

the conspiracy conviction, with credit for time served.[2]  On November 7, 2013, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Schultz**, 91 A.3d 1277 (Pa. Super. 2013).  Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 18, 2014, Appellant *pro se* timely filed a PCRA petition. The PCRA court appointed counsel, and an amended petition was filed. Therein, Appellant alleged that trial counsel was ineffective for failing to argue that the evidence was insufficient to prove the weight of the heroin required to trigger application of the mandatory minimum sentence in this case.[3]  Amended PCRA Petition, 11/5/2014, at 2-3.  Appellant further alleged that he was serving an illegal sentence because the trial court did not credit him with 301 days' credit for time served.  **Id.** at 3.

---

[2] The possession of a controlled substance conviction merged with the PWID conviction for sentencing purposes.

[3] In his PCRA petition, Appellant also alleged that his trial counsel was ineffective for failing to argue that the mandatory minimum sentence did not apply because the jury did not determine beyond a reasonable doubt the weight of the heroin required to trigger its imposition pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013).  Amended PCRA Petition, 11/5/2014, at 2.  Appellant further argued that, in the event that **Alleyne** did not apply, his trial counsel was ineffective for failing to argue that the mandatory minimum sentence did not apply because the sentencing court did not determine by a preponderance of the evidence the weight of the heroin required to trigger its imposition pursuant to subsection 7508(b).  **Id.** In the context of his ineffectiveness claim discussed above, Appellant alleged that the evidence was insufficient to support a determination of the weight of the heroin under either standard.  **Id.** at 2-3.

On February 11, 2015, following a hearing,[4] the PCRA court issued an order granting Appellant's petition "with respect to his assertion that the Commonwealth had not proven that the weight of the heroin triggered the mandatory minimum sentence."[5]  Order, 2/11/2015.  The PCRA court denied Appellant's petition in all other respects.  Further, the PCRA court stated in its order that, if Appellant "does not appeal, the [c]ourt will issue an order scheduling a new sentencing hearing.  If he does appeal, re-sentencing will be scheduled after judgment has become final."  *Id.*  On February 27, 2015, Appellant timely filed his notice of appeal.

Appellant presents one issue for our consideration:  whether the PCRA court erred in denying his claim "that the trial court's initial sentence was illegal as it failed to award [Appellant 301 days of] credit for time he spent in pre-trial incarceration at the Allegheny County Jail?"  Appellant's Brief at 5.

Upon review of the unusual circumstances of this case, we decline to address the merits of Appellant's issue.  By virtue of its February 11, 2015 order, the PCRA court effectively vacated Appellant's judgment of sentence, as it granted Appellant PCRA relief and stated it would resentence

---

[4] Notwithstanding the fact that Appellant filed a request for transcripts in conjunction with his notice of appeal, the transcripts of the PCRA hearing are not in the certified record.

[5] In granting relief on this claim, the PCRA court concluded that Appellant's trial counsel was ineffective for failing to argue that the Commonwealth had failed to prove, "even by a preponderance of the evidence," the weight of the heroin required to trigger the mandatory minimum sentence.  Opinion on Defendant's PCRA Petition, 2/11/2015, at 4.

Appellant.[6] Thus, Appellant's original judgment of sentence is a legal nullity.

*See Commonwealth v. Caple*, -- A.3d --, 2015 WL 4497915, at *9 (Pa.

Super. 2015) ("When a sentence is vacated it is rendered a legal nullity.").

Accordingly, any issue regarding the trial court's calculation of credit for time

served as it relates to Appellant's original judgment of sentence is moot.

Moreover, any consideration of Appellant's credit time issue as it

relates to Appellant's new judgment of sentence is premature, as the PCRA

court's February 11, 2015 order makes clear that Appellant has yet to be

resentenced. At the time Appellant is resentenced, a new determination will

be made as to the amount of credit to which Appellant is entitled for time

served. *See generally* 42 Pa.C.S. § 9760 (outlining the circumstances in

which credit for time served is to be given); *see also Caple*, 2015 WL

4497915, at *9 ("[W]hen a sentence is vacated and the case is remanded to

the sentencing court for resentencing, the sentencing judge should start

---

[6] Even if the PCRA court had not vacated Appellant's judgment of sentence, this Court would have done so, as his sentence was illegal. *See Commonwealth v. Vargas*, 108 A.3d 858, 876 n.13 (Pa. Super. 2014) (noting that "legality of sentence questions are not waivable and may be raised *sua sponte* by this Court" (internal quotation marks omitted)). Pursuant to *Alleyne*, "[t]his Court has ruled that section 7508, in its entirety, is unconstitutional." *Commonwealth v. Caple*, -- A.3d --, 2015 WL 4497915, at *9 (Pa. Super. 2015). Thus, any sentence imposed pursuant to that statute is illegal. *See Commonwealth v. Fennell*, 105 A.3d 13, 15 (Pa. Super. 2014) (explaining that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction"). We further observe that, because Appellant's direct appeal was pending before this Court at the time *Alleyne* was decided, there is no question that *Alleyne* applies to Appellant's sentence.

afresh.") (quoting **Commonwealth v. Jones**, 640 A.2d 914, 919-20 (Pa. Super. 1994)). Thus, any issues relating to the calculation of Appellant's credit for time served must be addressed at the time the sentencing court imposes Appellant's new sentence. Should Appellant seek to challenge the propriety of his new judgment of sentence, including the calculation of credit for time served, he may raise such a challenge in a new direct appeal therefrom.

Because the only issue Appellant raises is moot, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/18/2015