J-S71037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK JOHNSON | |
| Appellant | No. 829 WDA 2015 |

Appeal from the Judgment of Sentence May 15, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0018920-2008

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:                **FILED DECEMBER 14, 2015**

Frank Johnson brings this appeal from the judgment of sentence entered on May 15, 2015, in the Court of Common Pleas of Allegheny County. A jury convicted Johnson of delivery of a controlled substance, possession with intent to deliver (PWID), criminal conspiracy, possession of a controlled substance, possession of drug paraphernalia, and possession of a small amount of marijuana.[1] Following a PCRA appeal wherein this Court vacated the order denying PCRA relief and remanded for additional

_____

[1] 35 P.S. §§ 780-113(a)(30), (a)(30), 18 Pa.C.S. § 903, 35 P.S. §§(a)(16), (a)(32), and (a)(31), respectively.

proceedings,[2] the trial court resentenced Johnson to an aggregate term of six to 15 years' imprisonment.[3]

In this appeal, Johnson challenges the discretionary aspects of sentencing, claiming the court failed to consider — in light of his good conduct in prison from the time of the initial sentence in this matter — all of the relevant sentencing factors. *See* Johnson's Brief at 3.

The procedural history of this case is summarized by the trial court in its opinion, as follows:

> On August 2, 2011, a jury convicted [Johnson] of Delivery of a Controlled Substance (35 [P.S.] § 780-113(a)(30)), Possession with Intent to Deliver (35 [P.S.] § 780-113(a)(30)),[1] Criminal Conspiracy (18 Pa.C.S. § 903), Possession of a Controlled Substance (35 [P.S.] § 780- 113(a)(16)), Possession of Drug Paraphernalia (35 [P.S.] § 780-113(a)(32)), and Possession of a Small Amount of Marijuana (35 [P.S.] § 780-113(a)(31)). [Johnson] was sentenced on October 17, 2011, to a term of incarceration of 6[0] to 120 months on the Possession with Intent to Deliver[2] count, a consecutive sentence of 30 to 60 months on the Criminal Conspiracy count, and no further penalty on the remaining counts,[3] for an aggregate sentence of seven and one half to 15 years. On March 16, 2012, [Johnson] appealed this judgment, alleging sufficiency of evidence and sentencing errors. The Superior Court of Pennsylvania affirmed the judgment of sentence on November 5, 2012. The Supreme Court of Pennsylvania denied [Johnson's] Petition for Allowance

---

[2] *See Commonwealth v. Johnson*, 120 A.3d 1054 [1073 WDA 2014] (Pa. Super. 2015) (unpublished memorandum).

[3] The trial court notes in its opinion that the court conducted a full resentencing hearing following remand. *See* Trial Court Opinion, 8/26/2015, at 3 n.5.

of Appeal on April 30, 2013. [*See Commonwealth v. Johnson*, 63 A.3d 820 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 65 A.3d 413 (Pa. 2013).]

_____

[1] The jury was not asked to make any specific finding regarding the amount of cocaine.

[2] This sentence reflects a five year mandatory minimum.

[3] Possession of a Controlled Substance merged with Delivery of a Controlled Substance and Possession with Intent to Deliver at sentencing.

_____

Next, [Johnson] filed a Post Conviction Relief Act (PCRA) petition on July 22, 2013. This Court ultimately dismissed the petition for a lack of arguable merit on June 9, 2014. [Johnson] appealed the dismissal of the PCRA petition on July 1, 2014. In his petition, [Johnson] asserts that his sentence was illegal under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and that this Court failed to award time credit to [Johnson]. The Superior Court affirmed this Court on the *Alleyne* issue, and remanded the case on the issue of the time credit[4]. After a hearing,[5] this Court resentenced [Johnson] to 42 to 120 months on the Possession with Intent to Deliver conviction, a consecutive sentence of 30 to 60 months on the Criminal Conspiracy count, and no further penalty on the remaining counts.[6] [Johnson] filed a Notice of Appeal on May 26, 2015 and a Concise Statement of Matters Complained of on Appeal on June 2, 2015.

_____

[4] The Superior Court remanded back to this Court to clarify and make a record as to whether [Johnson] is entitled to time served on two previous incarcerations. *See Commonwealth v. Johnson*, No. 1073 WDA 2014, *4-5 (Pa. Super. March 13, 2014).

[5] Given the changes in the law since the time of sentencing related to the *Alleyne* decision, out of an

abundance of caution, this Court conducted a full resentencing hearing.

[6] The issue of time credit was resolved by agreement of counsel.

_____

Trial Court Opinion, 8/26/2015, at 2–3.

As stated above, the sole issue raised in this appeal is a challenge to the discretionary aspects of sentencing. With regard to such a claim:

> This Court has held, "[w]here an appellant challenges the discretionary aspects of a sentence, there is no automatic right to appeal and an appellant's appeal should be considered a petition for allowance of appeal." ***Commonwealth v. Crork***, 2009 PA Super 24, 966 A.2d 585, 590 (Pa. Super. 2009).
>
> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.
>
> ***Commonwealth v. Clarke***, 2013 PA Super 190, 70 A.3d 1281, 1286 (Pa. Super. 2013) (citing ***Commonwealth v. Malovich***, 2006 PA Super 183, 903 A.2d 1247, 1250 (Pa.Super. 2006)).

> ****

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."

- 4 -

> ***Commonwealth v. Griffin***, 2013 PA Super 70, 65 A.3d 932, 935 (Pa. Super. 2013) (internal citations omitted).

***Commonwealth v. Stefon Johnson***, 2015 PA Super 221, 2015 Pa. Super. LEXIS 698 (Pa. Super. October 20, 2015).

Here, Johnson has filed a timely notice of appeal, preserved the issue on a post-sentence motion to modify sentence, and included in his brief a Pa.R.A.P. 2119(f) statement. Therefore, we must consider whether Johnson has presented a substantial question for review.

The Rule 2119(f) statement included in Johnson's brief sets forth the claim, *inter alia*, that the sentencing court failed to adequately consider all relevant evidence of Johnson's conduct in prison since his sentencing on October 17, 2011. **See** Johnson's Brief at 9. To the extent that Johnson relies on ***Commonwealth v. Losch***, 535 A.2d 115, 119 (Pa. Super. 1987) (finding appellant's arguments, including that the trial court erred at resentencing hearing by disregarding relevant evidence of his good conduct in prison, presented a substantial question), we will review Johnson's discretionary sentencing challenge.[4]

---

[4] Furthermore, we recognize that a substantial question exists when a sentencing court imposes a sentence in the aggravated range without considering mitigating factors. **Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*). Here, while Johnson's sentence of 30 to 60 months' imprisonment on the conspiracy charge was a standard range sentence, his sentence of 42 to 120 months' imprisonment on the PWID charge is an aggravated-range sentence. For both offenses, Johnson's Offense Gravity Score was 8 and his Prior Record Score was 5. Therefore, under the Pennsylvania Sentencing Guidelines, the standard range minimum

*(Footnote Continued Next Page)*

The principles that guide our review are well settled:

> Our Court has stated that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. … "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous."
>
> ****
>
> … [T]he Sentencing Code offers general standards with respect to the imposition of sentence which require the sentencing court to impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). …

*Commonwealth v. Walls*, 926 A.2d 957, 961–962 (Pa. 2007) (citations and footnotes omitted).

In reviewing a sentence on appeal, "[t]he appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds … the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). In making this

_____

*(Footnote Continued)* ————————

sentence was 27 to 33 months, and the aggravated range sentence was 42 months.

"unreasonableness" inquiry, the appellate court reviews the record, having regard for:

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)     The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)     The findings upon which the sentence was based.

(4)     The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

In **Losch**, **supra**, the defendant attempted to introduce new evidence of his good conduct in prison at his resentencing hearing. The trial court found that such evidence was irrelevant.  On appeal, this Court found the trial court erred in disregarding evidence of the defendant's good conduct in prison since his original sentence.  This Court instructed:

We hold that the trial judge must *consider* evidence of appellant's good conduct in prison. Yet, the trial judge is also free to consider a broad range of other information. He may review all of the testimony and exhibits introduced at both of appellant's prior sentencing hearings. He may also allow the prosecution to introduce evidence relating to appellant's *bad* conduct, if any, since the time that judgment of sentence was last imposed. Appellant's favorable adjustment to life in the penitentiary is only one of several variables upon which the trial judge should focus; there is no right to have this one factor take precedence over all others. In the end, the trial court may conclude that appellant's new evidence pales in significance when compared with the other aspects of his case including the gravity of his offenses.

**Id.**, 535 A.2d at 123 (emphasis in original) (citation and footnote omitted).

Following **Losch**, this Court reiterated:

When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. **Commonwealth v. Losch,** 369 Pa.Super. 192, 535 A.2d 115 (1987). "Reimposing a judgment of sentence should not be a mechanical exercise." **Id.** at 206, 535 A.2d at 122. "Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant--especially where defense counsel comes forward with relevant evidence which was not previously available." **Id.** Thus, [the defendant's] conduct since the prior sentencing hearing is relevant at resentencing. **Id.** at 208, 535 A.2d at 123. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which [the defendant] received is a just and appropriate punishment. **Id.**

**Commonwealth v. Jones**, 640 A.2d 914, 919–920 (Pa. Super. 1994).

Johnson argues that the court did not "start afresh," but rather "limited its discretion and review to how the new evidence would impact a determination already made — or a mind already made up — regarding the sentence imposed on May 15, 2015." Johnson's Brief at 14–15. We disagree.

Here, at sentencing, the trial court stated:

I have considered the guidelines. I have reviewed both presentence reports, and I will note that in addition to being on probation, three cases at the time that he was picked up on these charges, his supervision history has been poor, including abscondings, specifically while on EHM [Electoninc Home Monitoring] and he does have an extensive record beginning at age 15 – quite a long history up to his sentence in this case. And his records also indicate severe disciplinary problems in the school. All of these things are risk factors.

And in light of that, I will sentence him at Count 2 to a sentence of 42 to 120 months, and allow him to prove to the Parole Board when he has turned himself around and chosen to become a productive member of society.

At the Conspiracy count, I believe that is Count 3, the same standard sentence that was imposed originally of 30 to 60 months, and that would be consecutive.

The reason for the sentence is, I believe the guidelines for Mr. Johnson underrepresent the extent of his criminal history up to the time of sentencing. Five being as high as it can go. And the number of arrests, combined with the age at which he began, and the ongoing issues with drugs, school records, all of those factors place him in a high risk category, as well as his poor supervision in the community.

N.T., 5/15/2015, at 6–7. The court imposed no further penalty on the remaining counts.

The record reflects the trial court had the benefit of two previously prepared presentence investigation reports, and received evidence of Johnson's good behavior in prison proffered by trial counsel. **See** N.T., 5/15/2015, at 2–4. The trial judge explicitly noted on the record that she had reviewed the certificates of completion and attendance for programs that Johnson was enrolled while in prison. **Id.** at 4.[5] The court heard trial counsel's argument that Johnson should be sentenced at Counts 2 and 3 in the standard range and that the sentences run concurrently or, if made to

---

[5] **See also** Trial Court Opinion, 8/26/2015, at 6 n.7. ("[Johnson] provided certifications he obtained while incarcerated showing the successful completion of an Occupational Safety Health and training Course, Completion of Introduction to the Nurturing Program, and completion of a 'Thinking For A Change' program. [Johnson] also obtained clearance to work a job outside of the prison grounds.").

run consecutively, in the bottom of the standard range with a 27-month minimum. *Id.* The court also permitted Johnson to speak on his own behalf, and Johnson informed the court that he had obtained a job outside the prison and was "learning how to work with others" and "staying on the right pace." N.T., 5/15/2015, at 5–6. Lastly, the court heard from the Commonwealth, which only asked the court to consider the guidelines. *Id.* at 6.

In imposing sentence, the trial court, while not specifically discussing Johnson's evidence of good conduct in prison since the initial sentence, did find that Johnson should "prove to the Parole Board when he has turned himself around and chosen to become a productive member of society." N.T., 5/15/2015, at 6. This comment reveals that the court recognized Johnson's evidence of good conduct, but did not find that it outweighed other factors. As the trial court explained in its opinion:

> At the conspiracy count, this Court imposed a sentence within the standard range of the Sentencing Guidelines, which carries its own presumption of reasonability. … The sentence at this Count remained unchanged from the original sentence on October 17, 2011.
>
> At the PWID count, this Court sentenced [Johnson] to 42 to 120 months incarceration, which was in the aggravated range. This Court noted at sentencing that the sentencing guidelines underrepresented the extent of his criminal history. His Prior Record Score of five is the maximum score. His number of arrests, combined with the age at which he began, and the ongoing issues with drugs, school records, and his poor supervision in the community, all of these factors place him in a high risk category for re-offense, justifying the Court's deviation from the standard range. In addition, the Court notes that the

sentence at this Count represents a reduction from the mandatory minimum reflected in the original sentence. Should [Johnson] demonstrate his rehabilitation to the Parole Board, he would be eligible for release 18 months earlier than under the previously imposed sentence.

… While this Court considered [Johnson's] efforts to make positive changes in his life, this Court must also take into account its duty to protect the public, the gravity of the offense, [Johnson's] extensive criminal history and failure to respond well to community supervision as well as [Johnson's] need for rehabilitation.

Trial Court Opinion, 8/26/15, at 5 (citation omitted) (footnote omitted).

We find that the transcript of the sentencing hearing and the trial court's Rule 1925(a) opinion sufficiently demonstrate that the trial court considered "afresh" all relevant sentencing factors, including Johnson's evidence of good conduct in prison, in fashioning the new sentence. In this regard, we note that this Court may not reweigh the sentencing factors considered by the trial court. *See Walls*, *supra*, 926 A.2d at 968 (concluding "Superior Court exceeded its standard of review and erred in making certain legal determinations which led it to supplant the sentencing court's discretion"). Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015