J-A26031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GABRIEL PIO JESUS SHULL | |
| Appellant | No. 425 MDA 2017 |

Appeal from the Judgment of Sentence January 25, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001772-2014

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY **RANSOM, J.:**              **FILED JANUARY 11, 2018**

Appellant, Gabriel Pio Jesus Shull, appeals from the judgment of sentence of forty-five to ninety months of incarceration, imposed January 25, 2017, following a bench trial resulting in his conviction for robbery, unlawful restraint, simple assault, possession of an instrument of crime, and possession of drug paraphernalia.[1]  We vacate Appellant's sentence and remand for resentencing.

A prior panel of this Court discussed the facts and procedural history of this matter at length in a precedential opinion, and we need not repeat them at length here.  **See Commonwealth v. Shull**, 148 A.3d 820, 825–28 (Pa. Super. 2016), *reargument denied* (Nov. 23, 2016).  Suffice it to say, Appellant

---

[1] **See** 18 Pa.C.S. §§ 3701(a)(1)(ii), 2902(a)(1), 2701(a)(1), 907(a), and 35 P.S. § 780–113(a)(32), respectively.

was arrested and charged in November 2014, as a result of the violent gunpoint robbery of the complainant. *Id.*

Following a bench trial, the court convicted Appellant of all charges and made a finding of fact that Appellant possessed a deadly weapon during the commission of his crimes. *Id.* at 829. The prior panel described the sentencing as follows:

During the sentencing hearing of August 11, 2015, the court made a determination that the Deadly Weapon Possession sentencing enhancement applied under the facts proven at trial, but refused to apply the more severe Deadly Weapon Used enhancement sought by the Commonwealth. The court applied the enhancement matrix as its sentencing starting point and, from there, deviated downward to issue a mitigated range sentence of 29 to 59 months' incarceration, to be followed by 5 years' probation on the count of Robbery, with concurrent sentences entered on the remaining charges. Furthermore, the court insisted and ruled, over Commonwealth objection, that [Appellant] was to serve his sentence in a county correctional facility.

The Commonwealth filed a timely Motion to Modify Sentence seeking application of the Deadly Weapon Used sentencing enhancement and a standard range sentence based upon that sentencing matrix. The Commonwealth also contested county placement for [Appellant], insisting that he serve a state sentence in a state correctional facility.

The court conducted a hearing on the post-sentence motion on September 2, 2015, and, as detailed more fully, infra, withdrew its previous sentence in favor of an even more lenient sentence of incarceration of 11½ to 24 months, less one day, in a county correctional facility, provided [Appellant] agree to waive his right to parole and serve the full 24 months, less one day. The court explained that it was reducing [Appellant]'s sentence in order to avoid a statutory provision that conditions county placement for a maximum sentence of between two and five years' incarceration on a district attorney's prior consent. In the case *sub judice*,

District Attorney Parks Miller did not consent to county placement for a crime she insisted warranted state placement.

***Shull***, 148 A.3d at 829.

We vacated the sentence and remanded for resentencing, finding that the trial court had abused its discretion by refusing to apply the "deadly weapon used" enhancement requested by the Commonwealth where the facts supported its application. ***Id.*** at 829. Instead, the court had imposed a sentence that departed from the standard range of the guidelines to effectuate the incarceration of Appellant in a county facility, without considering the individualized circumstances of the case. ***Id.*** at 832-37. On remand, we instructed the court to use a correct guidelines calculation before exercising its discretion. ***Id.*** at 832.

In January 2017, Appellant appeared before the court for resentencing. The victim's father testified about the effect the crime had had on her life, including dropping out of college for a year, developing an eating disorder and an alcohol addiction, and undergoing multiple hospitalizations. ***See*** Notes of Testimony (N.T.), 1/25/17, at 4-15. The court had the benefit of a pre-sentence investigation report. ***Id.*** at 15. Appellant made argument regarding his progress in prison, including achieving a high school diploma, completing mental health counseling, and assisting illiterate inmates. ***Id.*** at 21-23. Appellant testified on his own behalf. ***Id.*** at 27-30.

The court stated that it would sentence Appellant in the standard range of the guidelines, as our Court had previously found its refusal to apply the

"deadly weapon used" enhancement manifestly unreasonable. *Id.* at 30. The court stated that:

> As noted by the Superior Court panel, the sentence we imposed previously was designed to avoid a period of state incarceration. Because the panel found such a desire was inappropriate in the circumstances of this case, we will sentence in the standard range . . .

*Id.* at 31. The court sentenced Appellant to an aggregate sentence of forty-five to ninety months of incarceration. *Id.* at 31-32. Appellant filed a motion seeking reconsideration of his sentence, which the court denied following argument. *See* N.T., 2/13/17, at 1-10.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The court did not issue a responsive opinion.

Appellant raises a single issue for our review:

> 1. When this Court vacates a sentence because factors used by the trial court to depart from the guidelines were improper, does the lower court have the responsibility and the right to consider all legitimate sentencing factors *ab initio* rather than limit resentencing to the now-rejected factors?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Appellant challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011). Prior to addressing a discretionary challenge, this Court engages in a four-part analysis: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether

Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the sentencing code. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013); *see also* Pa.R.A.P. 2119(f).

Appellant timely filed a notice of appeal, preserved his claim in a post-sentence motion, and included in his brief an appropriate Pa.R.A.P. 2119(f) statement. We must now determine whether he has raised a substantial question that the sentence is inappropriate under the sentencing code and, if so, review the merits. A substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Anderson*, 830 A.2d 1013, 1018 (Pa. Super. 2003). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000).

Here, Appellant suggests that he has raised a substantial question because the sentencing court improperly concluded that it did not have the discretion to consider all relevant sentencing factors. *See* Appellant's Brief at 13. Appellant suggests that he has raised a substantial question because the court did not address any sentencing criteria but instead "deemed itself restricted to the factors it originally relied on but that this Court rejected." *See* Appellant's Brief at 13. He avers that he is entitled to a blank slate upon

resentencing where he presented substantial mitigation evidence between the time of the original sentencing and the resentencing. *Id.* at 13-14. The Commonwealth characterizes Appellant's argument differently. It notes that a claim the trial court did not accord proper weight to specific sentencing factors does not, as a matter of law, raise a substantial question. *See* Commonwealth's Brief at 11.

Our Court has previously held that an averment that "the trial court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of Appellant, as [42 Pa.C.S. § 9721(b) requires,] presents a substantial question for our review in typical cases." *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016). To the extent that Appellant relies on *Commonwealth v. Losch*, we will review his sentence. *See Commonwealth v. Losch*, 535 A.2d 115, 119 (Pa. Super. 1987) (finding that appellant's arguments, including that the trial court erred at resentencing by disregarding relevant evidence of good conduct in prison, presented a substantial question).

As noted *supra*, in *Shull I* we found that the court had abused its discretion by refusing to apply the proper enhancement requested by the Commonwealth to effectuate Appellant's incarceration in a county facility, without considering the individualized circumstances of the case. *Shull*, 148 A.3d at 829-37. Although we found this application improper, we instructed

the court on remand to apply the correct guidelines calculation prior to exercising its discretion. *Id.* 832.

Since *Losch*, we have noted that:

> When a sentence is vacated and the case is remanded to the sentencing court for resentencing, the sentencing judge should start afresh. Reimposing a judgment of sentence should not be a mechanical exercise. Given the important nature of the interests involved, the judge at the second sentencing hearing should reassess the penalty to be imposed on the defendant—especially where defense counsel comes forward with relevant evidence which was not previously available. Thus, [the defendant's] conduct since the prior sentencing hearing is relevant at resentencing. The sentencing judge must take note of this new evidence and reevaluate whether the jail term which [the defendant] received is a just and appropriate punishment.

*Commonwealth v. Jones*, 640 A.2d 914, 919–20 (Pa. Super. 1994). On resentencing the court should consider several variables and there is no right to have one take precedence over all the others. *Losch*, 535 A.2d at 123.

Here, the court did not mention any other factor beyond this court's prior decision. Generally, we presume that, where the sentencing judge has the benefit of a PSI, "[he] was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004) (citation omitted). However, it appears the court did not exercise its discretion at all. Rather, it appears the court misapprehended our prior instructions. The court stated that:

> As noted by the Superior Court panel, the sentence we imposed previously was designed to avoid a period of state incarceration. Because the panel found such a desire was inappropriate in the

circumstances of this case, we will sentence in the standard range

. . .

***See*** N.T., 1/25/17, at 31.

In the previous matter, we found that the court had departed from the guidelines without good cause and without considering the individualized circumstances of Appellant's case, leading it to impose a sentence below the standard range for an inappropriate reason. ***See Shull***, 148 A.3d at 832-37. However, our prior opinion did not *require* the court to sentence within the guidelines on remand, only that the court apply the proper enhancement before exercising its discretion. ***Id.*** Here, the court imposed a guideline sentence without considering the individualized circumstances of Appellant's case and additional information introduced at the re-sentencing, and accordingly, committed an abuse of discretion. ***See Losch***, 535 A.2d at 123; ***Jones***, 640 A.2d at 919-20; ***see*** N.T., 1/25/17, at 31. Thus, we are constrained to vacate the sentence and remand for resentencing.

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/2018

- 8 -