J-S29034-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        :               PENNSYLVANIA
                                          :

            v.                               :
                                          :
                                          :

RONALD SCOTT MORGAN           :
                                          :

            Appellant            :    No. 185 WDA 2022

Appeal from the Judgment of Sentence Entered January 18, 2022
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000991-2011

BEFORE:   PANELLA, P.J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:        **FILED: DECEMBER 21, 2022**

Appellant, Ronald Scott Morgan, appeals from the judgment of sentence imposing an aggregate term of imprisonment of 182 to 364 months following his conviction of numerous sexual and drug offenses. Appellant argues on appeal that (1) the trial court abused its discretion by imposing the same sentence that had previously been imposed and vacated on appeal, and (2) his designation as a sexually violent predator ("SVP") was unconstitutional. Upon careful review, we affirm the judgment of sentence.

This Court has previously set forth the background of this case:

In May 2013, a jury convicted Appellant of one count each of Possession of a Controlled Substance, Possession of a Small Amount of Marijuana, Statutory Sexual Assault, Aggravated Indecent Assault, Indecent Assault, Endangering the Welfare of Children, and Corruption of Minors; two counts each of

---

[*] Retired Senior Judge assigned to the Superior Court.

Involuntary Deviate Sexual Intercourse ("IDSI"); and 104 counts each of Sexual Abuse of Children (Photographing, Videotaping, Depicting on Computer or Filming Sexual Acts) and Sexual Abuse of Children (Child Pornography).[1] The court sentenced Appellant to an aggregate term of 182 to 364 months of imprisonment.[2] After a hearing, the court also designated him an SVP and lifetime registrant under The Sexual Offender Registration and Notification Act ("SORNA"). Appellant timely appealed, but this Court denied relief. *See Commonwealth v. Morgan*, 135 A.3d 661 (Pa. Super. 2015) (unpublished memorandum).

[1] 35 P.S. §§ 780-113(a)(16) and (a)(31), 18 Pa.C.S. §§ 3122.1, 3125(a)(8), 3126(a)(8), 4304(a)(1), 6301(a)(1), 3123(a)(7), 6312(b), and 6312(d), respectively.

[2] Specifically, the court sentenced Appellant to the mandatory minimum sentence of ten to twenty years of imprisonment for each count of IDSI, set to run concurrently to each other; a concurrent term of one to two years of imprisonment for Statutory Sexual Assault; a consecutive term of 36 to 72 months of imprisonment for Aggravated Indecent Assault; fourteen to twenty-eight months of imprisonment for each count of Sexual Abuse of Children (Photographing), set to run concurrently to each other and consecutively to the sentences imposed at the first count of IDSI and Aggravated Indecent Assault; a consecutive term of one to two years of imprisonment for Endangering the Welfare of Children; a concurrent term of nine to eighteen months of imprisonment for Corruption of Minors, and guilty without further penalty at the remaining counts.

On January 12, 2017, Appellant timely sought collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. [§§ 9541-9546], challenging the legality of his sentence and the effective assistance of counsel. Following a hearing, the PCRA court entered an order on May 21, 2018, partially granted the petition and vacated Appellant's sentence because the mandatory minimum sentences imposed at the two IDSI convictions were illegal in light of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The PCRA court denied the petition in all other respects. Appellant timely appealed, but this Court denied relief. *See Commonwealth v. Morgan*, 221 A.3d 1228 (Pa. Super. 2019) (unpublished memorandum).

On March 6, 2020, the court held a resentencing hearing and imposed the same aggregate sentence of 182 to 364 months of imprisonment.[4]

> [4] Specifically, instead of imposing the prior mandatory minimum sentence of ten to twenty years of imprisonment at each count of IDSI to run concurrent to each other as in the original sentence, the court imposed consecutive standard-range sentences of five to ten years of imprisonment at each count, for a total aggregate sentence of ten to twenty years of imprisonment for the two IDSI counts. The court reimposed the original sentences at the remaining counts, resulting in the same aggregate sentence. The court did not disturb Appellant's SVP designation.

*Commonwealth v. Morgan*, 258 A.3d 1147, 1149-50 (Pa. Super. 2021) (footnote 3 omitted).

In his most recent appeal, Appellant argued that his SVP designation violated his right to reputation under Article I, Section 1 of the Pennsylvania Constitution. We rejected this argument, holding that "SVP designations under Subchapter I of SORNA II[1] are constitutional and do not violate the right to reputation under Pennsylvania's constitution." *Id.* at 1157.

Appellant also argued in his prior appeal that the trial court abused its discretion when resentencing him on March 6, 2020 as it imposed the same sentence originally imposed on February 19, 2014. We found this argument persuasive, noting that the trial court was not in possession of an updated

---

[1] Following 2018 amendments to the SORNA statute ("SORNA II"), Appellant is subject to registration requirements set forth in Subchapter I of SORNA II because his offenses were committed prior to the original effective date of SORNA, December 20, 2012. *Morgan*, 258 A.3d at 1151-52.

pre-sentence investigative report ("PSI") at his 2020 resentencing hearing nor did it receive any information pertaining to Appellant's conduct after he began serving his sentence in 2014. *Id.* at 1158. In addition, we cited the fact that the trial court did not explain why it was appropriate to impose the same aggregate sentences on the two IDSI counts in 2020 as in the original sentence, when the court had stated at the original sentencing hearing that it was directing the two IDSI mandatory minimum sentences to run concurrently to give Appellant the shortest possible sentence. *Id.* at 1158-59.

We therefore vacated Appellant's sentence on the basis that "the sentencing court did not 'start afresh' but instead mechanically reimposed the same aggregate sentence without explanation as to why such a sentence was individualized to Appellant and without consideration of his conduct over the preceding six years." *Id.* at 1159 (quoting **Commonwealth v. Jones**, 640 A.2d 914, 920 (Pa. Super. 1994)). On remand, we directed that "the sentencing court 'should start afresh' and 'reassess the penalty to be imposed' upon Appellant." *Id.* (quoting **Jones**, 640 A.2d at 919-20).

Following remand, a resentencing hearing was held on November 1, 2021 before the Honorable William R. Shaffer, who had presided over Appellant's trial and prior sentencings. On November 2, 2021, an order was filed that "re-affirmed [the March 6, 2020 sentence] with credit for time-served from May 22, 2013." Order, 11/2/21. Appellant filed a timely post-sentence motion seeking the vacatur of his sentence and the recusal of Judge Shaffer for resentencing. On November 9, 2021, Judge Shaffer granted

Appellant his requested relief by vacating the sentence, recusing himself, and reassigning the matter to the Honorable Timothy F. McCune.

A sentencing hearing was held before Judge McCune on January 18, 2022. On that same date, Judge McCune imposed the same aggregate term of 182 to 364 months of imprisonment as had been imposed in the prior judgments of sentence.[2] Appellant filed a post-sentence motion, which the court denied on January 21, 2022. Appellant then filed this appeal.[3]

Appellant raises the following issues on appeal:

I. Whether the trial court erred or abused its discretion when it resentenced Appellant to the same sentence as previously imposed before and vacated following the Superior Court's remand for resentencing?

II. Whether the sexually violent predator (SVP) designation as provided under Pennsylvania's Sexual Offender Registration and Notification Act (SORNA) is unconstitutional because it violates Appellant's fundamental right to protect his reputation as secured by Article 1, Section 1 of the Pennsylvania Constitution?

Appellant's Brief at 15 (trial court disposition and unnecessary capitalization omitted).

_____

[2] The sentence consisted of two consecutive 60-to-120-month sentences on the two IDSI counts; a consecutive term of 36 to 72 months for aggravated indecent assault; a consecutive term of 12 to 24 months for endangering the welfare of children; and 14 to 28 months for each count of sexual abuse of children (photographing) to run concurrently with each other but consecutive to the remaining sentences discussed above. Concurrent terms of imprisonment were also imposed for statutory sexual assault and corruption of minors.

[3] Appellant filed his concise statement of errors on appeal as directed by the trial court on February 18, 2022. The trial court filed its Pa.R.A.P. 1925(a) opinion on March 16, 2022.

Appellant first argues that the trial court "mechanically reimposed" the same illegal 10-year mandatory minimum for IDSI that was initially ruled unconstitutional pursuant to *Alleyne* but the court "simply disguis[ed]" the new sentence as two consecutive 5-to-10-year sentences. Appellant's Brief at 38, 47; *see also Morgan*, 258 A.3d at 1159. Appellant contends that the lower court did not "start afresh" on resentencing as directed by this Court, *Morgan*, 258 A.3d at 1159 (citation omitted), but instead "it merely reimposed the very same vacated sentence before attempting to place enough on the record to justify" the sentence. Appellant's Brief at 39. Appellant asserts that the latest sentencing of Appellant was deficient because the court failed to properly consider the sentencing factors set forth at Sections 9721(b) and 9725 of the Sentencing Code, 42 Pa.C.S. §§ 9721(b), 9725, and that the court also failed to take account of Appellant's lack of any prior criminal record. Appellant thus contends that his sentence "violate[d] several principles of individualized sentencing," as the trial court did not consider his rehabilitative needs or fashion the least-restrictive sentence that would still adequately protect the public. Appellant's Brief at 44.

Appellant further argues that the January 18, 2022 judgment of sentence "is verging on being vindictive," as the trial court appears set on imposing the same aggregate sentence no matter how many times this Court vacates and remands. *Id.* at 40. Appellant avers that the trial court's insistence on imposing the same sentence in spite of our rulings to the

contrary may require the remedy of recusal of the Court of Common Pleas of Butler County on remand.

Initially, we note that, while Appellant argues that his aggregate sentence of 182 to 364 months' imprisonment "is verging on being vindictive," *id.*, the sentence under review is not in fact "vindictive" as that term is understood by the courts of this Commonwealth. A claim that a reimposed sentence was vindictive is a challenge to the legality of the sentence that implicates the due process clause of the United States Constitution. ***Commonwealth v. Prinkey***, 277 A.3d 554, 566-68 (Pa. 2022). Vindictiveness is premised on the imposition of a more severe sentence at a successive sentencing; thus, where the trial court at resentencing merely adjusts the sentences on various counts in order to preserve the aggregate term of imprisonment imposed in the original sentencing scheme, the new sentence does not qualify as vindictive. ***See Commonwealth v. Rominger***, 199 A.3d 964, 971 (Pa. Super. 2018); ***Commonwealth v. Barnes***, 167 A.3d 110, 124-25 (Pa. Super. 2017) (*en banc*); ***Commonwealth v. McHale***, 924 A.2d 664, 673 (Pa. Super. 2007), ***overruled on other grounds***, ***Commonwealth v. Robinson***, 931 A.2d 15 (Pa. Super. 2007) (*en banc*). In this case, because the original sentencing scheme has been preserved in the judgment of sentence under appeal, he is not a victim of a vindictive sentence,

and there was no violation of his due process rights. **Barnes**, 167 A.3d at 125.[4]

Appellant's remaining arguments implicate the discretionary aspects of sentencing. A challenge to the discretionary aspect of a sentence is not appealable as of right. **Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

**Id.** (citation omitted). Only once the appellant has satisfied each of the four requirements will we proceed to review the merits of the discretionary sentencing issue. **Id.** at 328-29.

Here, Appellant filed a timely notice of appeal, preserved his sentencing claims in his post-sentence motion, and included a separate Rule 2119(f) statement within his appellate brief. We thus must address whether Appellant has presented a substantial question that warrants our review. A substantial question is present where the appellant advances an argument that the

---

[4] A presumption of vindictiveness also would not attach in this case because the judgment of sentence presently before this Court was imposed by a different judge than who had imposed the original sentences. **See Commonwealth v. Tapp**, 997 A.2d 1201, 1205 (Pa. Super. 2010).

sentence was inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.* Appellant's claims in his Rule 2119(f) statement that the court effectively continued to sentence him based on an illegal mandatory minimum without considering the Section 9721(b) or Section 9725 factors and without ordering a new PSI raise a substantial question. *Morgan*, 258 A.3d at 1157 (finding that these claims present a substantial question); *see also Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) ("[A]llegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report [raises] a substantial question.") (citation omitted).

Our standard of review for a discretionary sentence challenge is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Taylor*, 277 A.3d 577, 592-93 (Pa. Super. 2022) (citation omitted).

Furthermore, the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court." *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2013) (citation

omitted).  "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." ***Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003).

Pursuant to Section 9725 of the Sentencing Code,

[t]he court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

42 Pa.C.S. § 9725.

In addition, under Section 9721(b), a court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).  Where the sentencing court has the benefit of a PSI, we must presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations in light of the Section 9721(b) factors.  ***Commonwealth v.***

*Knox*, 165 A.3d 925, 930 (Pa. Super. 2017); *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006).  As this Court has explained:

> A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.  This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.  It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Id.* at 930-31 (citation omitted).

Here, while Appellant states in his brief that the trial court did not have an updated PSI at his January 18, 2022 resentencing, this assertion is belied by the record.  The resentencing transcript makes clear that an updated PSI was prepared that took into account Appellant's post-incarceration conduct and the revised report was referenced extensively at the hearing.  N.T., 1/18/22, at 2-3, 6-8, 10, 12-15.  In addition, the trial court indicated that it took the Section 9721(b) and 9725 factors into consideration when deciding on Appellant's sentence.  *Id.* at 15, 18.  Furthermore, the court stated that a sentence of total confinement was appropriate under the third Section 9725 factor because "a lesser sentence will depreciate the seriousness of the crime of the defendant."  *Id.* at 18 (quoting 42 Pa.C.S. § 9725(3)).  Therefore, the

trial court discharged its obligation under Sections 9721(b) and 9725. 42 Pa.C.S. §§ 9721(b), 9725; **Knox**, 165 A.3d at 930; **Fowler**, 893 A.2d at 767.

In addition to the trial court's consideration of the updated PSI and the statutory sentencing factors, the trial court stated at the resentencing hearing that it had reviewed the trial transcript and exhibits; the prior orders of the trial court; the parties' motions; our prior opinion remanding for resentencing; and caselaw outlining a sentencing court's obligations upon resentencing. N.T., 1/18/22, at 6, 15. The court also considered the arguments of the attorney for the Commonwealth and defense counsel and provided Appellant with an opportunity to address the court. **Id.** at 2-6, 8-14. In imposing the sentence, the trial court stated that consecutive sentences were appropriate because the case involved an older man grooming a young minor girl for his sexual pleasure over a long period of time and "each of the[] charges dealt with separate actions and activities on the part of" Appellant. **Id.** at 16.

Upon review, we find no abuse of discretion by the trial court in its January 18, 2022 resentencing of Appellant. The court adequately considered the facts of Appellant's crimes, the history of the case, the mitigating factors as set forth in the PSI and by defense counsel at the sentencing hearing, and the relevant provisions of the Sentencing Code. Appellant's sentences fell within the standard range of the sentencing guidelines, and Appellant has not shown that the application of the guidelines to him was clearly unreasonable. **Id.** at 3-4; **see also** 42 Pa.C.S. § 9781(c) (where sentence fell within sentencing guidelines, appellate court should only vacate sentence if

application of guidelines would be clearly unreasonable). To the extent Appellant challenges the imposition of consecutive sentences, the trial court properly considered the fact that the crimes of which Appellant was convicted involved multiple acts of abuse over a long period. *See* N.T., 1/18/22, at 16; *Wright*, 832 A.2d at 1107.

Furthermore, we disagree with Appellant's claim that his prior sentence was "mechanically reimposed upon him." Appellant's Brief at 47. Although we directed the trial court to "start afresh" and "reassess the penalty to be imposed" upon Appellant, *Morgan*, 258 A.3d at 1159 (citation omitted), the lower court was not required to ignore his prior sentences nor was it prohibited from imposing the same sentence again. Indeed, we have held that "preserving the integrity of a prior sentencing scheme" by resentencing a defendant to the same aggregate sentence "is a legitimate sentencing concern." *Barnes*, 167 A.3d at 124. In this case, the trial court did not simply defer to the prior sentencing order, but instead it conducted an independent assessment of the record and made its own findings before determining Appellant's sentence. As the trial court acted within its discretion in imposing Appellant's new sentence, we conclude that Appellant has shown no basis for relief on his discretionary sentencing claim.[5]

_____

[5] Appellant also finds fault with Judge McCune's handling of the January 18, 2022 sentencing hearing to the extent he purportedly "took issue" with our 2021 opinion and dismissed as "hearsay upon hearsay" the fact that Appellant had no misconducts during eight years of incarceration. Appellant's Brief at

In his second issue, Appellant argues that his designation as an SVP violates his right to reputation under Article I, Section 1 of the Pennsylvania Constitution. This exact issue was addressed at length in our prior, precedential opinion, in which we held that SVP designations under SORNA II do not violate the right to reputation. *Morgan*, 258 A.3d at 1151-57. We thus affirmed Appellant's SVP designation, and we remanded to allow the trial court to reassess the penalty to be imposed upon him but not for reconsideration of his SVP status. *Id.* at 1159. The trial court stated at the sentencing hearing that it was not addressing the SVP issue, and the sentencing order does not mention Appellant's SVP status. N.T., 1/18/22, at 19; Order, 1/19/22; *see also Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 n.19 (Pa. 2016) ("[I]t has long been the law in Pennsylvania that following remand, a lower court is permitted to proceed only in accordance with the remand order."). Thus, Appellant has not identified any error with respect to his SVP designation in the order currently under review.

---

38, 43 (quoting N.T., 1/18/22, at 15). Both of these assertions misconstrue the court's statements at the sentencing hearing. First, Judge McCune did not disagree entirely with our resolution of Appellant's prior appeal but simply on the issue of whether an updated PSI was available at the March 6, 2020 sentencing hearing; upon being advised by the attorney for the Commonwealth that an updated PSI had not in fact been prepared for that earlier hearing, the court acknowledged its error. N.T., 1/18/22, at 7-8. Second, Judge McCune's statement regarding "hearsay upon hearsay" did not relate to Appellant's prison disciplinary record but rather to Appellant's reasoning for not having completed sex offender counseling while in prison, a factor that Judge McCune did not ultimately consider as a relevant factor for resentencing. *Id.* at 14-15.

Furthermore, under the law of the case doctrine, we are bound by our prior ruling that Appellant's SVP designation does not violate Article I, Section 1 of our Constitution. **See Zane v. Friends Hospital**, 836 A.2d 25, 29 n.6 (Pa. 2003) (pursuant to the law of the case doctrine, "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court") (citation omitted). Appellant does not identify any exceptional circumstances, such as an intervening change in the law, that would require our departure from the law of the case doctrine. **See Commonwealth v. McCandless**, 880 A.2d 1262, 1268 (Pa. Super. 2005) (*en banc*). Therefore, as the trial court order from which Appellant appealed does not reference his SVP designation and we could not, in any event, revisit our prior ruling on the constitutionality of his SVP status due to the law of the case doctrine, Appellant is entitled to no relief on this claim.[6]

Judgment of sentence affirmed.

---

[6] The Commonwealth argues that we should quash Appellant's appeal in light of the fact that we did not remand on the issue of his SVP designation, and he did not file an application for reconsideration or a petition for allowance of appeal from our 2021 decision. Commonwealth's Brief at 16-17. However, quashal of an appeal is appropriate only where the appellate court lacks jurisdiction or otherwise cannot hear the appeal in the first instance. **See In re K.L.S.**, 934 A.2d 1244, 1246 n.3 (Pa. 2007); **Sahutsky v. H.H. Knoebel Sons**, 782 A.2d 996, 1001 n.3 (Pa. 2001). The appeal from Appellant's January 18, 2022 judgment of sentence is properly before this Court, albeit we cannot reach the merits of Appellant's SVP designation.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/21/2022